

**Office of the Attorney General**
**Washington, D. C. 20530**

May 18, 2026

A. The Settlement Agreement in *Trump v. Internal Revenue Service*, No. 1:26-cv-20609 (S.D. Fla.), has created the Anti-Weaponization Fund (the "Fund"). The Settlement Agreement directed the Attorney General to issue an order establishing funding and any other relevant requirements for the Fund.

B. Capitalized terms in this document shall have the same meaning as in the Settlement Agreement.

C. Within 60 days of the Effective Date, the United States shall provide the U.S. Department of the Treasury with all necessary forms and documentation to direct a payment of $1,776,000,000 to an account for the sole use by the Anti-Weaponization Fund ("Designated Account"). The corpus of the Anti-Weaponization Fund's funding does not represent the value of any claim by Plaintiffs, but rather is based on the projected valuation of future claimants' claims.

D. Once the funds are deposited into the Designated Account, the United States has no liability whatsoever for the protection or safeguarding of those funds, regardless of bank failure, fraudulent transfers, or any other fraud or misuse of the funds.

E. The funds deposited into the Designated Account may be used to pay for per diems, administrative services, funds, facilities, staff, travel, and other support services as may be necessary to carry out the mission of the Anti-Weaponization Fund. The Members of the Anti-Weaponization Fund shall serve as volunteers and gratuitous service providers, without any further compensation for their work on the Fund. They are allowed travel expenses, including per diem in lieu of subsistence, to the extent permitted by law.

F. None of the funds deposited or claimed shall be deemed to qualify for reimbursement by the Department of Justice to the Treasury or to the judgment fund.

G. Funding of the Anti-Weaponization Fund fully accords with longstanding authorities. The Automatic Payment of Judgments Act, ch. 748, § 1302, 70 Stat. 678, 694–95 (1956) (codified as amended at 31 U.S.C. § 1304), known as the Judgment Fund, established a permanent appropriation for the payment of settlements against the United States. The government may pay a settlement out of the Judgment Fund if: (1) the payment is not otherwise provided for; (2) the Secretary of the Treasury has certified the payment; and (3) the judgment is payable under one of several specified statutory provisions. *See Appropriate Source for Payment of Judgments and Settlements in United States v. Winstar Corp. and Related Cases*, 22 Op. O.L.C. 141, 153 (1998). Congress has provided for the payment of "final" judgments rendered against the United States, including "compromise settlements" and "imminent" claims. 28 U.S.C. § 2414.

H. Previous cases have been settled on similar terms. For example, in the *Keepseagle* litigation, the plaintiffs alleged improper behavior by the Department of Agriculture over a period of years, and the Obama Administration settled the case by establishing an

administrative claims process funded by $680,000,000 paid from the Judgment Fund, which was deposited into a bank account to fund the claims received. *Keepseagle v. Vilsack,* 102 F. Supp. 3d 306, 309 (D.D.C. 2015); *see also Garcia v. Vilsack,* No. 00–2445 (D.D.C.) & *Love v. Vilsack,* No. 00–02502 (D.D.C.).

Todd Blanche
Acting Attorney General