IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------X
HARRY DUNN ET AL.,

        Plaintiffs,

              -against-

SCOTT BESSENT, ET AL.,

        Defendants.
-----------------------------------------------------------X

Case 1:26-cv-01719-RJL

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING**

Pursuant to Local Civil Rule 7(o), proposed amicus curiae Jason Goodman respectfully moves for leave to file the accompanying Brief of Amicus Curiae Jason Goodman in Support of Dismissal for Lack of Article III Standing.

Amicus is not a party and does not seek intervention or party status. Amicus seeks only leave to submit a brief addressing Article III standing, ripeness, the absence of any legally operative Section 4 predicate, the overbreadth of Plaintiffs' requested universal relief, and the interests of absent nonparty lawfare claimants whose claims may be impaired by the relief Plaintiffs seek.

## I.   IDENTITY AND INTEREST OF AMICUS

Jason Goodman is a journalist, video producer, and pro se litigant who has publicly reported on and personally litigated issues involving alleged government-linked censorship, platform coordination, retaliatory legal activity, abusive litigation tactics, and legal weaponization commonly described as "lawfare."

Amicus did not participate in the January 6 activities that supply the foundation of Plaintiffs' Complaint. That fact is central to his interest. Plaintiffs do not seek relief limited to January 6-related payments, specific criminal defendants, identified debts, or claimants adjudicated to have

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN
SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING

RECEIVED
MAY 21 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

incurred obligations in aid of insurrection or rebellion. Instead, Plaintiffs ask this Court to enjoin payments from the Anti-Weaponization Fund "to any claimant." Compl. Prayer for Relief ¶ E. That requested relief would reach absent nonparties whose alleged lawfare injuries have no connection to January 6, violence, paramilitary activity, or any legally adjudicated insurrection or rebellion.

Amicus is a potential member of that non-January 6 class. Based on his journalism, litigation history, and public reporting concerning alleged government-linked censorship and lawfare, amicus may be among the persons whose legitimate claims the Fund was designed to consider. Whether any such claim would ultimately be accepted is not before this Court and need not be decided here. The relevant point is that Plaintiffs seek relief broad enough to extinguish or freeze the opportunity for absent citizens like amicus to seek relief before any claim is filed, any claimant is identified, any payment is approved, or any individualized adjudication occurs.

Amicus therefore has a concrete, particularized, and legally distinct interest in preserving the ability of non-January 6 claimants to pursue lawful relief without having their claims preemptively destroyed by a lawsuit brought by persons who do not represent them, were not injured by them, and have no Article III standing to litigate on their behalf.

## II.    AMICUS'S POSITION

Amicus supports dismissal of the Complaint for lack of Article III standing. Amicus does not submit the proposed brief to defend any unlawful payment, any particular claimant, any act of violence, or any payment of a debt or obligation actually adjudicated to have been incurred in aid of insurrection or rebellion.

Amicus's position is narrower and jurisdictional: Plaintiffs have not identified any approved claim, any actual payment, any claimant, any debt or obligation, any administrative record, any

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING

Section 4 determination, any insurrection charge or conviction under 18 U.S.C. § 2383, or any legally operative finding that any specific payment would assume or pay a debt or obligation incurred in aid of insurrection or rebellion. Plaintiffs also seek relief far broader than their alleged injury: an injunction barring payments "to any claimant," including nonparties whose claims have nothing to do with Plaintiffs or January 6.

If the Court reaches the merits or considers interim relief, amicus urges that any relief be limited to identified payments actually found unlawful after individualized adjudication and not extended to unrelated lawfare or weaponization claims belonging to absent nonparties.

### III.    WHY THE PROPOSED BRIEF IS DESIRABLE AND RELEVANT

The proposed brief is desirable because it addresses issues that go to the threshold power of the Court to hear this case and the proper scope of any relief. It focuses on Article III standing, ripeness, causation, redressability, zone of interests, Section 4 specificity, and the impropriety of universal relief against absent nonparties.

The proposed brief is relevant because Plaintiffs' requested injunction would not merely affect Defendants. It would impair the interests of absent citizens who may claim to be victims of lawfare or government weaponization but have no connection to January 6, Plaintiffs, alleged threats against Plaintiffs, or any alleged insurrection. The proposed brief explains why Plaintiffs cannot convert a speculative future fear of unidentified third parties into a nationwide veto over unrelated claims belonging to absent nonparties.

The proposed brief also assists the Court by identifying the distinction between political labels and legally operative adjudication. Plaintiffs rely on terms such as "insurrectionists," "slush fund," and "paramilitary groups," but labels do not establish Article III standing, a Section 4 predicate, an actual payment, causation, redressability, or entitlement to universal relief.

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN
SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING

## IV.    WHY AMICUS'S POSITION IS NOT ADEQUATELY REPRESENTED BY THE PARTIES

The parties do not adequately represent the specific interests addressed by the proposed brief. Plaintiffs seek universal relief. Their Complaint asks the Court to enjoin payments from the Anti-Weaponization Fund "to any claimant." Plaintiffs therefore do not represent absent nonparty lawfare claimants whose claims have no connection to Plaintiffs or January 6.

Defendants are federal officials defending the challenged settlement, Fund, and agency action. Defendants do not specifically represent the distinct interests of absent nonparty claimants whose potential claims may be impaired by Plaintiffs' requested universal injunction.

Amicus's proposed brief supplies a perspective otherwise absent from the adversarial presentation: the perspective of a non-January 6 citizen, journalist, and potential lawfare claimant whose opportunity to seek relief could be eliminated by an overbroad injunction in a case where Plaintiffs have not shown standing to litigate on behalf of the public or absent claimants.

## V.    POSITION OF THE PARTIES

Amicus contacted counsel for Plaintiffs and Acting U.S. Attorney General Todd Blanche, a named Defendant in his official capacity, by email on May 21, 2026, requesting the parties' positions on this motion. As of the time of filing, no party has responded. Amicus will promptly notify the Court if any party states a position before the Court rules on this motion.

## VI.    COMPLIANCE WITH LOCAL CIVIL RULE 7(o)

The proposed brief is submitted under LCvR 7(o). It identifies amicus and his interest, states the source of authority to file, includes the required disclosure statement, and is submitted as a proposed amicus brief. The proposed brief does not exceed 25 pages.

A proposed order is submitted with this motion.

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING

**CONCLUSION**

For the foregoing reasons, Jason Goodman respectfully requests that the Court grant this Motion for Leave to File Brief of Amicus Curiae and deem the accompanying proposed amicus brief filed.

Dated: May 21, 2026

Respectfully submitted,

Jason Goodman
Amicus Curiae Pro Se
252 7th Avenue Apt 6S
New York, NY 10001
347-201-6017
truth@crowdsourcethetruth.org

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING

## CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I served the foregoing Motion for Leave to File Brief of Amicus Curiae Jason Goodman, together with the proposed amicus brief and proposed order, by email upon counsel of record for Plaintiffs and upon Acting U.S. Attorney General Todd Blanche, a named Defendant in his official capacity, and submitted the same to the Clerk of Court.

Dated: May 21, 2026

Respectfully submitted,

Jason Goodman
Amicus Curiae Pro Se
252 7th Avenue Apt 6S
New York, NY 10001
347-201-6017
truth@crowdsourcethetruth.org

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DISMISSAL FOR LACK OF ARTICLE III STANDING