## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

HARRY    DUNN    and    DANIEL
HODGES,

**Plaintiffs,**

v.

DONALD J. TRUMP, in his official
capacity as President of the United
States,
1600 Pennsylvania Avenue, NW
Washington, DC 20500

TODD    BLANCHE,    in    his    official
capacity as Acting Attorney General of
the United States,
950 Pennsylvania Avenue, NW
Washington, DC 20530

SCOTT    BESSENT,    in    his    official
capacity as Secretary of the United
States Department of the Treasury,
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Defendants.**

Case No. 1:26-cv-01719

### MOTION OF JOSEPH A. CAMP FOR LEAVE TO INTERVENE AS DEFENDANT Pursuant to Fed. R. Civ. P. 24(a) and 24(b)



RECEIVED

MAY 26 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Proposed Intervenor-Defendant Joseph A. Camp ("Movant" or "Mr. Camp"), proceeding *pro se*, respectfully moves this Court for leave to intervene as a defendant in the above-captioned action. In support of this Motion, Mr. Camp states as follows:

## INTRODUCTION

1. This action seeks declaratory and injunctive relief to dismantle the "Anti-Weaponization Fund" (the "Fund"), a $1.776 billion mechanism established by the Department of Justice and Department of the Treasury pursuant to the May 18, 2026, settlement agreement in *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla.). *See* Complaint ¶¶ 1-9, 48-59 (Document 1). Plaintiffs allege the Fund is an illegal "slush fund" designed to compensate January 6, 2021 rioters and paramilitary groups, thereby endangering Plaintiffs' safety. *Id.* ¶¶ 1-4, 9-12.

2. Mr. Camp is a **direct, real-world claimant** to the Fund. Prior to the filing of Plaintiffs' Complaint on May 20, 2026, he submitted a formal application for relief, requesting $500,000 in monetary compensation plus formal acknowledgment of the political persecution and lawfare he endured. His claim arises from precisely the type of sustained government weaponization the Fund was created to remedy.

3. Mr. Camp has a unique, personal, and protectable interest in the continued existence and operation of the Fund: he is currently living in political asylum in Colombia after being forced into exile because of the very lawfare the Fund addresses. If the Fund is invalidated, Mr. Camp's ability to obtain redress—and, practically speaking, to survive—will be irreparably impaired. Existing defendants, while aligned in defending the Fund's legality, cannot fully represent Mr. Camp's distinct perspective as an actual beneficiary, political asylee, and victim of lawfare whose future survival literally depends on the Fund.

4. The Motion is timely—the Complaint was filed on May 20, 2026. Intervention will not delay the proceedings or prejudice any party. Mr. Camp seeks to intervene solely to defend the Fund and to provide the Court with concrete facts demonstrating its necessity, lawfulness, and broad remedial purpose beyond any single category of claimants.

## STATEMENT OF FACTS AND INTEREST

5. Mr. Camp is a United States citizen currently seeking political asylum with a granted *Salvoconducto* in Colombia due to sustained political persecution and lawfare stemming from his perceived support for President Donald J. Trump and his speech related to the 2020 election.

6. He was falsely identified as "TheResearcher2020" in connection with lawsuits filed by Eric Coomer (a Biden ally and former Dominion Voting Systems employee) against President Trump, his campaign, and supporters. These actions subjected Mr. Camp to brutal online attacks, doxxing, and real-world harassment that made it untenable for him to remain safely in the United States. As a direct result, he was forced to flee the country in 2022 and relocate to Belize.

7. While in Belize, Mr. Camp continued to face repercussions. In 2024 he was falsely arrested following a desperate livestream. Despite documentation of his situation in the 2024 U.S. Human Rights Report on Belize (published in August 2025), the Biden administration's ambassador to Belize provided no meaningful assistance. Mr. Camp was ultimately forced to flee Belize as well and now remains in Colombia seeking asylum under the protection of a *Salvoconducto*.

8. Biden-administration allies relentlessly pursued subpoenas against Mr. Camp in cases where he was not even a party and had no knowledge of the facts, merely because of the false identification as "TheResearcher2020." These efforts were designed to intimidate, silence, and financially ruin him as a perceived Trump supporter through abusive legal processes—precisely the "Lawfare and Weaponization" the Fund defines and redresses.

9. The cumulative impact has been devastating: loss of safety in his home country, forced exile, repeated displacements, unemployment, instability, and ongoing doxxing, threats, and real-world harassment. Mr. Camp has **never** been present during the events of January 6, 2021, has no political connections or ties to the Trump Campaign, and has never had any dealings with Plaintiffs. Prior to the lawfare against him, Mr. Camp was a registered Independent whose political beliefs aligned with liberal and progressive Democratic ideology; he actively campaigned for and supported numerous Democratic candidates.

10. Mr. Camp submitted a formal application to the Fund (transmitted via Vice-President JD Vance) prior to the instant Complaint, supported by a timeline of events, court documents, news references, proof of asylum status, and DOJ communications. He respectfully requests $500,000 to address these harms, along with formal acknowledgment. Mr. Camp's situation exemplifies the very harms the Anti-Weaponization Fund was designed to remedy. His future and survival literally depend on the Fund's continued operation.

## LEGAL ARGUMENT

### I. Mr. Camp Is Entitled to Intervene as of Right Under Rule 24(a)(2)

Federal Rule of Civil Procedure 24(a)(2) requires intervention as of right where the movant: (1) makes a timely motion; (2) has an interest relating to the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) that interest is not adequately represented by existing parties.

- **Timeliness**: The Complaint was filed May 20, 2026. This Motion is filed immediately upon awareness of the action. No prejudice will result.
- **Protectable Interest**: Mr. Camp has a direct, substantial, and legally protectable interest in the continued existence and lawful operation of the Fund. As an approved or soon-to-be-approved claimant, he stands to receive monetary relief and formal redress. Courts routinely recognize that potential beneficiaries of government funds or programs have a sufficient interest for intervention.
- **Impairment**: A ruling granting the relief sought by Plaintiffs—dismantling the Fund entirely—would eliminate Mr. Camp's ability to obtain any relief whatsoever. His claims would be extinguished without any opportunity to be heard. This satisfies the "practical impairment" standard.
- **Inadequate Representation**: Although the governmental defendants will defend the Fund, they cannot adequately represent Mr. Camp's *specific* individual interests as a living, breathing political asylee and victim of lawfare who relies on the Fund for his very survival. Mr. Camp can offer a unique factual perspective and personal testimony that the institutional

defendants lack. The government's broader institutional defense may not fully address the concrete human consequences highlighted by Mr. Camp's case. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (inadequate representation where movant's interest is "more narrow" or "more parochial").

## II. In the Alternative, Permissive Intervention Is Warranted Under Rule 24(b)

Even if intervention as of right is denied, the Court should grant permissive intervention under Rule 24(b). Mr. Camp's defense shares common questions of law and fact with the main action (the legality and operation of the Fund), and his intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. His unique perspective as an actual claimant will assist the Court in evaluating Plaintiffs' claims of bias and unlawfulness.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Proposed Intervenor Joseph A. Camp respectfully requests that the Court:

1. Grant this Motion and permit Mr. Camp to intervene as a defendant;
2. Accept the attached Proposed Answer (or allow filing within 14 days of the order); and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Joseph A. Camp**

CampJosephA@gmail.com
+17204545240
Mailing address:
1317 Edgewater Drive #6983
Orlando, Florida 32804

## CERTIFICATE OF SERVICE AND MEET AND CONFER

I hereby certify that on this 25th day of May, 2026, a true and correct copy of the foregoing **Motion of Joseph A. Camp for Leave to Intervene as Defendant** (together with all attachments) was served via the Court's designated pro se filing email address at **dcd_intake@dcd.uscourts.gov**. Once docketed by the Clerk, the filing will be electronically distributed to all parties of record.

A true and correct copy was also transmitted via email (carbon copy) to counsel for Plaintiffs. *Amicus* parties not yet granted party status have not been included. Defendants have not yet appeared in this action and therefore were not served at this time.

Pursuant to <u>Local Civil Rule 7(m)</u>, I certify that I made a good-faith effort to confer with Plaintiffs' counsel regarding the relief sought in this Motion prior to filing. The positions of the parties regarding this Motion are currently unknown. I will promptly supplement the record and update the Court within three (3) business days of receiving any response from Plaintiffs' counsel or Defendants.

Parties served:

PUBLIC INTEGRITY PROJECT
Brendan Ballou D.C.
Bar No. 241592
Samuel T. Ward-Packard
D.C. Bar No. 90005484
brendan@publicintegrityproject.org
sam@publicintegrityproject.org
Attorneys for Plaintiffs Harry Dunn and Daniel Hodges

Respectfully,

**/s/ Joseph A. Camp**

CampJosephA@gmail.com
+17204545240

Mailing address:
1317 Edgewater Drive #6983
Orlando, Florida 32804