# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

HARRY    DUNN    and    DANIEL
HODGES,

**Plaintiffs,**

v.

DONALD J. TRUMP, in his official
capacity as President of the United
States,
1600 Pennsylvania Avenue, NW
Washington, DC 20500

TODD    BLANCHE,    in    his    official
capacity as Acting Attorney General of
the United States,
950 Pennsylvania Avenue, NW
Washington, DC 20530

SCOTT    BESSENT,    in    his    official
capacity as Secretary of the United
States Department of the Treasury,
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Defendants.**

Case No. 1:26-cv-01719

## PROPOSED ANSWER OF INTERVENOR-DEFENDANT JOSEPH A. CAMP

Proposed Intervenor-Defendant Joseph A. Camp ("Mr. Camp"), proceeding *pro se*,
respectfully submits this Answer to Plaintiffs' Complaint for Declaratory and

Injunctive Relief (Document 1). This Answer is submitted contingent upon the Court granting Mr. Camp's Motion for Leave to Intervene as Defendant. Mr. Camp denies all allegations not expressly admitted below.

## PRELIMINARY STATEMENT

Mr. Camp is a United States citizen and a **direct, real-world claimant** to the Anti-Weaponization Fund. Prior to the filing of Plaintiffs' Complaint on May 20, 2026, he submitted a formal application seeking $500,000 in monetary relief and formal acknowledgment of the political persecution and lawfare he endured under the prior administration. Mr. Camp's claim arises from *precisely* the type of sustained government weaponization and lawfare the Fund was created to remedy.

Mr. Camp is currently living in political asylum in Colombia with a granted *Salvoconducto* after being forced into exile by brutal online attacks, doxxing, false arrests, abusive subpoenas, and real-world harassment tied to his perceived support for President Trump and questions about the 2020 election. He was **never** present at the Capitol on January 6, 2021, has no ties to the Trump Campaign or any January 6 defendants, and has never had any dealings with Plaintiffs. The continued existence and operation of the Anti-Weaponization Fund is essential to Mr. Camp's future, livelihood, and survival, and to providing basic justice to victims of government weaponization like him.

## RESPONSES TO SPECIFIC ALLEGATIONS

1.    Mr. Camp admits that the Department of Justice and Department of the Treasury established the Anti-Weaponization Fund pursuant to the May 18, 2026 settlement agreement in *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla.), but denies all remaining allegations in paragraph 1, including any characterization of the Fund as a "slush fund," that it was created to "finance the insurrectionists and paramilitary groups," or that it constitutes "presidential corruption." The Fund is a lawful mechanism established to compensate victims of weaponization and lawfare.

2.    Mr. Camp denies the allegations in paragraph 2. The Fund is not illegal, is authorized by the settlement of claims against the United States, and complies with the Constitution and all applicable federal laws.

3–4. Mr. Camp denies the allegations in paragraphs 3 and 4. The Fund does not endanger Plaintiffs' lives or safety, does not encourage or finance violence, and does not reward unlawful behavior. The Fund must not be dissolved; it provides necessary and lawful redress to victims of government weaponization. Mr. Camp specifically denies that the Fund must be dismantled.

5–9. Mr. Camp admits the factual allegations in paragraphs 5–9 concerning the *Trump v. IRS* lawsuit and the creation and announced purposes of the Anti-Weaponization Fund, but denies all remaining allegations, characterizations, and implications in those paragraphs, including any suggestion that the Fund is a "corrupt sham," that it is limited to compensating January 6 defendants, or that it violates any statute, the Constitution, or federal law.

10–12. Mr. Camp lacks personal knowledge sufficient to admit or deny the specific allegations concerning Plaintiffs Harry Dunn and Daniel Hodges in paragraphs 10–12 and therefore denies them on that basis. To the extent these paragraphs allege that the Fund endangers Plaintiffs or finances violence, Mr. Camp denies those allegations.

13–20. Mr. Camp admits the jurisdictional and venue allegations in paragraphs 13–20 to the extent they concern the identities and capacities of the parties and the Court's jurisdiction and venue, but denies any implication that the Fund is unlawful or should be dissolved.

21–40. Mr. Camp lacks personal knowledge sufficient to admit or deny the specific factual allegations in paragraphs 21–40 concerning the events of January 6, 2021, the actions of particular individuals or groups, or any subsequent clemency or statements, and therefore denies them on that basis. Mr. Camp further denies any allegation that the Anti-Weaponization Fund was created to compensate or reward participants in the events of January 6 or any other unlawful conduct. Mr. Camp was not present at the Capitol on January 6, 2021, and his claim to the Fund is wholly unrelated to those events.

Mr. Camp denies all remaining allegations in the Complaint not expressly admitted herein. To the extent any paragraph contains legal conclusions, Mr. Camp denies those conclusions.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.
2. Plaintiffs lack standing.
3. The Anti-Weaponization Fund is lawful, constitutional, and authorized by the settlement of claims against the United States.
4. Mr. Camp is a necessary and indispensable party whose interests would be irreparably harmed by the relief sought.
5. Plaintiffs' claims are barred by the doctrine of laches and/or unclean hands.
6. Mr. Camp reserves the right to assert additional defenses as they become known.

**PRAYER FOR RELIEF**

WHEREFORE, Proposed Intervenor-Defendant Joseph A. Camp respectfully requests that the Court:

1. Dismiss Plaintiffs' Complaint with prejudice;
2. Declare that the Anti-Weaponization Fund is lawful and constitutional;
3. Deny all relief sought by Plaintiffs;
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Joseph A. Camp**

CampJosephA@gmail.com
+17204545240
Mailing address:
1317 Edgewater Drive #6983
Orlando, Florida 32804

**CERTIFICATE OF SERVICE AND MEET AND CONFER**

I hereby certify that on this 25th day of May, 2026, a true and correct copy of the foregoing **PROPOSED ANSWER OF INTERVENOR-DEFENDANT JOSEPH A. CAMP** (together with all attachments) was served via the Court's designated pro se filing email address at **dcd_intake@dcd.uscourts.gov**. Once

docketed by the Clerk, the filing will be electronically distributed to all parties of record.

A true and correct copy was also transmitted via email (carbon copy) to counsel for Plaintiffs. *Amicus* parties not yet granted party status have not been included. Defendants have not yet appeared in this action and therefore were not served at this time.

Pursuant to Local Civil Rule 7(m), I certify that I made a good-faith effort to confer with Plaintiffs' counsel regarding the relief sought in this Motion prior to filing. The positions of the parties regarding this Motion are currently unknown. I will promptly supplement the record and update the Court within three (3) business days of receiving any response from Plaintiffs' counsel or Defendants.

Parties served:


PUBLIC INTEGRITY PROJECT
Brendan Ballou D.C.
Bar No. 241592
Samuel T. Ward-Packard
D.C. Bar No. 90005484
brendan@publicintegrityproject.org
sam@publicintegrityproject.org
Attorneys for Plaintiffs Harry Dunn
and Daniel Hodges



Respectfully,

**/s/ Joseph A. Camp**

CampJosephA@gmail.com
+17204545240
Mailing address:
1317 Edgewater Drive #6983
Orlando, Florida 32804