**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HARRY DUNN**, *et al.*, | § | |
| | § | Civil Action No. 26-1719 (RJL) |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **DONALD J. TRUMP**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENOR KEVIN TRUDEAU**

Defendant-Intervenor Kevin Trudeau ("Trudeau"), by and through undersigned counsel, hereby answers the Complaint of Plaintiffs Harry Dunn and Daniel Hodges.

**Introduction**

Trudeau is a claimant to the Anti-Weaponization Fund (the "Fund") and intervenes as a defendant to defend the lawfulness of the Fund against the Complaint, which seeks to dissolve the Fund and thereby to extinguish Trudeau's claim. Except as expressly admitted below, Trudeau denies each and every allegation of the Complaint. The headings and section titles in the Complaint are not allegations of fact and require no response; to the extent a response is deemed required, Trudeau denies them. Where an allegation purports to characterize, summarize, or quote a written document, Trudeau respectfully refers the Court to the document itself for its full and accurate contents and denies any allegation inconsistent with it. Many of the Complaint's allegations concern events of which Trudeau has no personal knowledge; as to those allegations, Trudeau lacks knowledge or information sufficient to form a belief about their truth, and on that basis denies them.

Trudeau responds to the specifically numbered paragraphs of the Complaint as follows:

1.      Trudeau admits that the United States has established the Anti-Weaponization Fund, funded in the amount of $1,776,000,000. Trudeau denies that the Fund is unlawful, denies that it is a "slush fund," denies the characterization of its purpose, and denies the remaining allegations and all pejorative characterizations in this paragraph. The remaining allegations state legal conclusions to which no response is required; to the extent a response is required, Trudeau denies them.

2.      Denied. The allegation that the Fund "is illegal" states a legal conclusion that Trudeau denies, and Trudeau denies the remaining characterizations of this paragraph.

3.      Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies that the Fund is unlawful and denies any allegation that the lawful operation of the Fund endangers any person.

4.      This paragraph states legal conclusions and Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Trudeau denies that the Fund must be dissolved and denies that the Fund is unlawful.

5.      The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it.

6.      This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. To the extent this paragraph purports to characterize a statement or a court filing, Trudeau refers the Court to the document itself.

7.     Trudeau admits that, on or about May 18, 2026, the Department of Justice announced a settlement of *Trump v. IRS* in the amount of $1,776,000,000 to be paid into the Anti-Weaponization Fund, and respectfully refers the Court to Exhibits 1 and 2 to Plaintiffs' Complaint for their full and accurate contents. Trudeau denies any remaining or inconsistent allegations of this paragraph.

8.     Trudeau admits that the Department of Justice has stated that the Fund will compensate persons who suffered weaponization and lawfare and will have the power to issue formal apologies and monetary relief, and refers the Court to Exhibit 3 to Plaintiffs' Complaint for its full and accurate contents. Trudeau denies any remaining or inconsistent allegations.

9–10.  Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

11.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies that the lawful operation of the Fund empowers violence, and denies the remaining characterizations of this paragraph.

12.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

**PARTIES**

13–14. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

15.    Admitted that Donald J. Trump is the President of the United States and is sued in his official capacity.

16.     Admitted that Todd Blanche is alleged to be the Acting Attorney General of the United States and is sued in his official capacity. Trudeau lacks knowledge or information sufficient to form a belief about the precise title held and on that basis denies any inconsistent allegation.

17.     Admitted that Scott Bessent is the Secretary of the Treasury and is sued in his official capacity.

**JURISDICTION AND VENUE**

18–20. These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

**STATEMENT OF FACTS**

21–34. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

35.     Trudeau admits that, on or about January 20, 2025, President Trump granted pardons or commutations to persons charged in connection with the events of January 6, 2021, and refers the Court to the relevant proclamations and orders for their full and accurate contents. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, including the characterizations and the number stated, and on that basis denies them.

36–51. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

52–60. The allegations of these paragraphs purport to characterize written documents, which speak for themselves. Trudeau respectfully refers the Court to those documents for their full and accurate contents, and denies any allegation inconsistent with them.

61.	This paragraph states a legal conclusion and purports to characterize a judicial decision, to which no response is required. To the extent a response is required, Trudeau refers the Court to the cited authority for its full and accurate contents and denies any inconsistent allegation.

62.	The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it.

63–64. These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

65.	The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations and on that basis denies them.

66.	This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

67.	This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. To the extent this paragraph characterizes filings or a hearing, Trudeau refers the Court to those records.

68.	This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

69–71. The allegations of these paragraphs purport to characterize written documents, which speak for themselves. Trudeau respectfully refers the Court to those documents for their full and accurate contents, and denies any allegation inconsistent with them.

72. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

73. Trudeau admits that, on or about May 18, 2026, the Department of Justice announced a settlement of *Trump v. IRS*, and refers the Court to Exhibits 1, 2, and 3 for their full and accurate contents. Trudeau denies any inconsistent allegation.

74–75. The allegations of these paragraphs purport to characterize written documents, which speak for themselves. Trudeau respectfully refers the Court to those documents for their full and accurate contents, and denies any allegation inconsistent with them.

76. Trudeau admits that the United States created and funded the Anti-Weaponization Fund as part of the *Trump v. IRS* settlement, and refers the Court to Exhibit 2 for its full and accurate contents. Trudeau denies any pejorative characterization and denies that the creation of the Fund was a mere "purport[ed]" act.

77. Trudeau admits that the Fund is to be administered by a five-member commission whose members are appointed by the Attorney General and are removable by the President, and refers the Court to Exhibit 2 for its full and accurate contents.

78. Trudeau admits that the Fund is to be funded by a payment of $1,776,000,000, and refers the Court to Exhibits 1 and 2 for their full and accurate contents.

79. Trudeau admits that the Fund has the authority to pay claims to victims of Lawfare and/or Weaponization, and refers the Court to Exhibit 2 for its full and accurate contents.

80. Trudeau admits that the Fund is to compensate victims of Lawfare and/or Weaponization and refers the Court to Exhibit 2 for its full and accurate contents.

81. Trudeau admits that, in evaluating claims, the Fund shall consider the totality of the circumstances, including the factors enumerated in the Settlement Agreement, and refers the Court to Exhibit 2 for its full and accurate contents. Trudeau denies any allegation that consideration of those factors is unlawful.

82–85. The allegations of these paragraphs purport to characterize written documents, which speak for themselves. Trudeau respectfully refers the Court to those documents for their full and accurate contents, and denies any allegation inconsistent with them.

86. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies any allegation that the Fund is unlawful.

87–88. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

89. The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, including the characterization of any testimony, and on that basis denies them.

90–91. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them. To the extent these paragraphs purport to quote statements, Trudeau refers the Court to the statements themselves.

92.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau specifically denies the allegation that the "purpose" of the Fund is improper.

93.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

94.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that the lawful creation and operation of the Fund has inflicted any cognizable harm on Plaintiffs.

95.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies that the existence of the Fund causes any cognizable injury to Plaintiffs.

96.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

97.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies that any lawful payment from the Fund causes a cognizable injury to Plaintiffs.

98–100.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of these paragraphs, and on that basis denies them.

101.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. Trudeau denies that the lawful operation of the Fund encourages or finances any unlawful conduct.

## COUNT I – CREATION OF ANTI-WEAPONIZATION FUND

102.    Paragraph 102 incorporates Plaintiffs' prior allegations by reference. Trudeau incorporates his foregoing responses as though fully set forth herein.

103.    Admitted that the Department of Justice is an agency within the meaning of 5 U.S.C. § 551(1).

104–112.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

113.    The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it. The remaining allegations state legal conclusions that Trudeau denies.

114–121.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

122.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that the creation of the Fund was unlawful and denies that Plaintiffs have been harmed.

123.    This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the relief sought or to any relief.

## COUNT II – FUNDING OF ANTI-WEAPONIZATION FUND

124.    Paragraph 124 incorporates Plaintiffs' prior allegations by reference. Trudeau incorporates his foregoing responses as though fully set forth herein.

125.    Admitted that the Departments of Justice and of the Treasury are agencies within the meaning of 5 U.S.C. § 551(1).

126–130.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

131.    This paragraph purports to quote and characterize a statute, which speaks for itself; Trudeau refers the Court to 28 U.S.C. § 2414 for its full and accurate text and denies any inconsistent allegation.

132.    This paragraph purports to quote and characterize a regulation, which speaks for itself; Trudeau refers the Court to 31 C.F.R. § 256.1 for its full and accurate text and denies any inconsistent allegation.

133–134.    The allegations of these paragraphs purport to characterize written documents, which speak for themselves. Trudeau respectfully refers the Court to those documents for their full and accurate contents, and denies any allegation inconsistent with them.

135.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

136.    Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. The remaining allegations state legal conclusions that Trudeau denies.

137–139.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

140.    This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that any action must be held unlawful or set aside.

141.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

142.    This paragraph purports to characterize a statute, which speaks for itself; Trudeau refers the Court to 28 U.S.C. § 2414 and denies any inconsistent allegation.

143.    The allegations of this paragraph purport to characterize a written document, which speaks for itself. Trudeau respectfully refers the Court to that document for its full and accurate contents, and denies any allegation inconsistent with it.

144.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

145.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau specifically denies the allegation that the payment was a misappropriation of taxpayer funds.

146–148.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

149.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. To the extent this paragraph purports to quote Exhibit 1, Trudeau refers the Court to that document for its full and accurate contents.

150–152.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

153.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that Plaintiffs have been harmed.

154. This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the relief sought or to any relief.

**COUNT III – ASSUMING OBLIGATIONS AND DEBTS OF INSURRECTIONISTS**

155. Paragraph 155 incorporates Plaintiffs' prior allegations by reference. Trudeau incorporates his foregoing responses as though fully set forth herein.

156. Admitted that the Department of Justice is an agency within the meaning of 5 U.S.C. § 551(1).

157–159. These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

160. This paragraph purports to quote the Fourteenth Amendment, which speaks for itself; Trudeau refers the Court to its full and accurate text and denies any inconsistent allegation.

161. Trudeau admits that the Fund has authority to make monetary payments to claimants who were victims of Lawfare and/or Weaponization, and refers the Court to Exhibit 2 for its full and accurate contents. Trudeau denies any allegation that the Fund has been authorized to pay any debt or obligation incurred in aid of insurrection or rebellion.

162. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

163. Trudeau lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

164. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

165.    Trudeau admits that the Settlement Agreement provides that the Fund shall consider the totality of the circumstances, including the claimant's actual damages and reasonable attorney's fees paid as a result of the Lawfare and Weaponization, and refers the Court to Exhibit 2 for its full and accurate contents. Trudeau denies any allegation that consideration of those factors is unlawful or unconstitutional.

166.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph.

167.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that Plaintiffs have been harmed.

168.    This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the relief sought or to any relief.

<h3 style="text-align:center">COUNT IV – <em>ULTRA VIRES</em> AGENCY ACTION</h3>

169.    Paragraph 169 incorporates Plaintiffs' prior allegations by reference. Trudeau incorporates his foregoing responses as though fully set forth herein.

170–171.    These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

172.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that Plaintiffs have been harmed.

173. This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the relief sought or to any relief.

## COUNT V – DECLARATORY JUDGMENT

174. Paragraph 174 incorporates Plaintiffs' prior allegations by reference. Trudeau incorporates his foregoing responses as though fully set forth herein.

175. This paragraph purports to quote a statute, which speaks for itself; Trudeau refers the Court to 28 U.S.C. § 2201 and denies any inconsistent allegation.

176–177. These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Trudeau denies the allegations of these paragraphs.

178. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Trudeau denies the allegations of this paragraph. Trudeau denies that Plaintiffs have been harmed.

179. This paragraph states a legal conclusion and a request for relief to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the declaratory judgment sought or to any relief.

## RESPONSE TO PRAYER FOR RELIEF

The remaining paragraphs of the Complaint, including subparagraphs A through H following the heading "PRAYER FOR RELIEF" and the demand for a jury trial, set forth Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Trudeau denies that Plaintiffs are entitled to the relief requested in subparagraphs A through H, or to any relief whatsoever, and respectfully requests that the Court enter judgment in favor of Defendants and deny the Complaint in its entirety.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend or supplement these defenses as discovery proceeds, Trudeau asserts the following defenses:

1.      First Defense (Failure to State a Claim). The Complaint fails to state a claim upon which relief can be granted.

2.      Second Defense (Lawful Agency Action). The creation of the Anti-Weaponization Fund was authorized by law, was within the statutory authority of the Attorney General and the Department of Justice, and was not in excess of statutory jurisdiction, authority, or limitations within the meaning of 5 U.S.C. § 706(2)(C).

3.      Third Defense (Lawful Funding). The certification and payment of $1,776,000,000 from the Judgment Fund to settle *Trump v. IRS* were authorized by 31 U.S.C. § 1304 and 28 U.S.C. § 2414, were within the statutory authority of the Department of Justice and the Department of the Treasury, and were neither in excess of statutory authority nor arbitrary, capricious, or an abuse of discretion within the meaning of 5 U.S.C. § 706(2)(A) and (C).

4.      Fourth Defense (No Constitutional Violation). The creation and operation of the Fund do not violate Section 4 of the Fourteenth Amendment or any other provision of the Constitution. The Fund is authorized to compensate victims of Lawfare and Weaponization for harms they lawfully suffered, and is not authorized to assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States.

5.      Fifth Defense (Not Ultra Vires). The challenged actions were within the lawful authority of the Defendants and were not ultra vires.

6.      Sixth Defense (Standing). Plaintiffs lack standing because they have not suffered an injury in fact that is concrete, particularized, and actual or imminent, fairly traceable to the creation or operation of the Fund, and redressable by the relief they seek.

7.      Seventh Defense (Lawful Consideration of Statutory Factors). The factors that the Fund is directed to consider in evaluating claims, including a claimant's actual damages, reasonable attorney's fees, and time spent in custody as a result of Lawfare and Weaponization, are lawful criteria for determining compensation and do not render the Fund or any payment unlawful or unconstitutional.

8.      Eighth Defense (Trudeau is a Bona Fide Claimant). Trudeau is a bona fide claimant to the Fund whose claim arises from the government's targeting of his protected First Amendment activity, wholly unrelated to the events of January 6, 2021, and the relief Plaintiffs seek would unlawfully extinguish his interest in the Fund.

9.      Ninth Defense (Relief Overbroad). The relief Plaintiffs seek, including an order enjoining all payments to any claimant and reversing the funding of the Fund, is overbroad and would harm Trudeau and other lawful claimants who have no connection to the conduct of which Plaintiffs complain.

10.      Reservation of Defenses. Trudeau reserves the right to assert additional affirmative and other defenses as they become known through discovery or otherwise.

### PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenor Kevin Trudeau respectfully requests that the Court:

a.  Enter judgment in favor of Defendants and dismiss the Complaint with prejudice;

b.  Deny each and every item of relief requested in the Complaint;

c.  Declare that the Anti-Weaponization Fund was lawfully created and funded and that its

operation is consistent with federal law and the Constitution; and

d.  Grant Trudeau such other and further relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

/s/   Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal PLLC
1701 Pennsylvania Ave., N.W. #200
Washington, DC 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Counsel for Kevin Trudeau*