# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

HARRY DUNN and DANIEL HODGES,

**Plaintiffs,**

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
1600 Pennsylvania Avenue, NW
Washington, DC 20500

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,
950 Pennsylvania Avenue, NW
Washington, DC 20530

SCOTT BESSENT, in his official capacity as Secretary of the United States Department of the Treasury,
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Defendants.**

Case No. 1:26-cv-01719

## PROPOSED INTERVENOR-DEFENDANT JOSEPH A. CAMP'S MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING ECF NO. 2 AND ITS EXHIBITS, AND TO PRECLUDE FURTHER SEALED FILINGS



**RECEIVED**

MAY 30 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Proposed Intervenor-Defendant Joseph A. Camp ("Mr. Camp"), proceeding *pro se* and pending resolution of his timely Motion to Intervene as Defendant filed May 25, 2026, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 24 and the common-law and First Amendment rights of public access to judicial records for the following relief:

1.      Leave to intervene (in this motion) for the limited purpose of vindicating the public's (and Mr. Camp's) right of access to judicial records;

2.      An **immediate order** unsealing ECF Document No. 2 (the "Sealed Document" filed pursuant to Plaintiffs' May 20, 2026 Sealed Motion for Leave to File Document Under Seal, granted by Minute Order of May 28, 2026 by Judge Richard J. Leon) **in full**, together with all attachments and exhibits (including but not limited to the #1 Exhibit identified as related to Brendan Ballou);

3.      An order **permanently precluding** Plaintiffs from filing any further documents, motions, exhibits, or attachments under seal in this action without (a) a publicly noticed motion demonstrating a compelling interest by clear and convincing evidence, (b) particularized findings by the Court on the public docket, and (c) the narrowest possible relief, **or, in the alternative**, barring Plaintiffs from any sealed filings whatsoever given their voluntary invocation of this public forum; and

4.      Expedited consideration.

## INTRODUCTION – THE CURIOUS CASE OF THE SECRET TRANSPARENCY LAWSUIT

Plaintiffs Harry Dunn and Daniel Hodges together with their counsel Brendan Ballou who is the founder of the so-called Public Integrity Project came to this Court claiming to wage a battle against secrecy.

Plaintiffs and their counsel have made transparency and public accountability the central theme of their public advocacy for years. Officer Dunn has repeatedly testified and stated in numerous media appearances that "*the American people deserve the truth*" and that full accountability for January 6 requires complete

public visibility into the events and those who enabled them. See, e.g., Testimony of Harry Dunn before the House Select Committee to Investigate the January 6th Attack on the United States Capitol (July 27, 2021); PBS NewsHour interview (Jan. 6, 2025) ("There's Been No Accountability"); Politico (Jan. 5, 2024). Officer Hodges has similarly emphasized in his congressional testimony and public statements that the nation must openly confront what happened on January 6 and hold those responsible to account, declaring that *we're defined by how we come back from bad days [and] take accountability for that.*" See Testimony of Daniel Hodges before the House Select Committee (July 27, 2021). The Public Integrity Project — founded by Brendan Ballou, lead counsel in this case — describes its core mission as fighting public corruption and ensuring government transparency and accountability. In announcing this very lawsuit, Ballou and the Project characterized the Anti-Weaponization Fund as a secret "slush fund" operating outside public scrutiny and violating core principles of open government. See Politico (May 20, 2026); UPI (May 28, 2026); Public Integrity Project press materials.

Yet on the very same day Plaintiffs filed their Complaint denouncing secrecy and demanding transparency in the use of taxpayer dollars, Plaintiffs themselves moved to seal their own supporting documents and exhibits from that same public.

Indeed, the very premise of their Complaint is that the Anti-Weaponization Fund allegedly operates in darkness, outside public scrutiny, insulated from accountability, and hidden from the American people. Plaintiffs repeatedly invoke transparency, openness, and democratic accountability as both the factual and moral justification for the extraordinary relief they seek. Their theory is straightforward: secrecy breeds abuse, opacity enables corruption, and public visibility is essential to maintaining confidence in government.

That is Plaintiffs' theory.

It is therefore difficult to ignore what happened next.

On the very same day Plaintiffs filed their Complaint denouncing secrecy, Plaintiffs themselves filed a motion seeking secrecy.

Not eventually. Not after discovery. Not after some unforeseen emergency arose. Not after sensitive information unexpectedly surfaced.

**Immediately.**

Before Defendants had appeared.

Before any substantive litigation had occurred.

Before the public had any meaningful opportunity to evaluate Plaintiffs' allegations.

The first procedural lesson Plaintiffs taught this Court about transparency was apparently that transparency has exceptions—and that those exceptions apply most readily to Plaintiffs themselves.

One might call that irony.

One might also call it evidence.

After all, Plaintiffs' Complaint repeatedly suggests that secrecy itself is a hallmark of improper conduct. If that proposition is correct, then Plaintiffs' immediate resort to sealed proceedings would seem to raise precisely the concerns they ask this Court to infer from the conduct of others.

Yet Plaintiffs would have the Court believe that secrecy is suspicious when practiced by their opponents, but responsible when practiced by them.

The law recognizes no such distinction.

Federal courts have long recognized a strong common-law presumption favoring public access to judicial records. In the District of Columbia, that presumption is governed principally by *United States v. Hubbard*, which requires courts to carefully balance six factors before permitting judicial records to remain hidden from public view.

Likewise, the First Amendment protects public access to many judicial proceedings and records because courts do not exist merely to resolve disputes; they exist to do so publicly, thereby preserving confidence in the administration of justice. As the Fourth Circuit explained in *Doe v. Public Citizen*, litigants cannot

selectively invoke the authority of the judiciary while simultaneously attempting to shield the proceedings from public scrutiny.

That principle carries particular force here.

This is not a trade-secret dispute.

This is not a case involving classified national-security information.

This is not a case involving minor children.

This is not a case involving confidential medical records.

Rather, this is a nationally significant political lawsuit filed against the President of the United States, the Attorney General of the United States, and the Secretary of the Treasury of the United States concerning the alleged misuse of billions of taxpayer dollars.

If there exists a category of civil litigation in which public access should be at its highest, this would appear to be a strong contender.

The public interest is not incidental to this case.

**The public interest is the case.**

And yet ECF No. 2 remains entirely hidden.

Plaintiffs have offered no publicly available explanation identifying a compelling interest that would justify complete sealing. No particularized findings appear on the public docket. No narrowly tailored rationale has been presented. No explanation has been offered as to why redactions would be insufficient. No attempt has been made to reconcile Plaintiffs' demand for transparency from others with their simultaneous demand for secrecy from themselves.

Instead, Plaintiffs appear to advocate a novel principle of constitutional law:

**Government transparency for thee, judicial secrecy for me.**

Respectfully, neither the First Amendment nor the common law contains such an exception.

The Supreme Court has repeatedly recognized that open judicial proceedings enhance both fairness and public confidence in the judicial process. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572–73 (1980); *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–10 (1986). The D.C. Circuit has similarly emphasized that judicial records are presumptively public absent sufficiently compelling reasons to overcome that presumption. *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980).

Mr. Camp therefore asks for nothing extraordinary.

He asks only that Plaintiffs be held to the same transparency principles they insist should govern everyone else.

If secrecy truly is the enemy of accountability, then ECF No. 2 should be unsealed.

If transparency truly is essential to democracy, then Plaintiffs should welcome public scrutiny.

And if neither proposition applies when Plaintiffs themselves are involved, then this lawsuit may have a transparency problem far more immediate than the one identified in the Complaint.

## STATEMENT OF INTEREST AND FACTS

Mr. Camp is a United States citizen currently seeking political asylum with a granted *Salvoconducto* in Colombia due to sustained political persecution and lawfare stemming from his perceived support for President Donald J. Trump and his speech related to the 2020 election.

He was falsely identified as "TheResearcher2020" in connection with lawsuits filed by Eric Coomer (a Biden ally and former Dominion Voting Systems employee) against President Trump, his campaign, and supporters. These actions subjected Mr. Camp to brutal online attacks, doxxing, and real-world harassment that made it untenable for him to remain safely in the United States. As a direct result, he was forced to flee the country in 2022 and relocate to Belize.

While in Belize, Mr. Camp continued to face repercussions. In 2024 he was falsely arrested following a desperate livestream. Despite documentation of his situation in the 2024 U.S. State Department's Human Rights Report on Belize (published in

August 2025), the Biden administration's ambassador to Belize provided no meaningful assistance -after inquiring into Mr. Camp's political beliefs. Mr. Camp was ultimately forced to flee Belize as well and now remains in Colombia seeking asylum under the protection of a *Salvoconducto*.

Prior to the filing of Plaintiffs' Complaint on May 20, 2026, Mr. Camp submitted a formal application to the Anti-Weaponization Fund (transmitted via Vice-President JD Vance), supported by a timeline of events, court documents, news references, proof of asylum status, and DOJ communications. He respectfully requests a nominal $500,000 in monetary compensation plus formal acknowledgment of the political persecution and lawfare he endured. Mr. Camp's situation exemplifies the very harms the Anti-Weaponization Fund was designed to remedy. His future and survival literally depend on the Fund's continued operation.

Mr. Camp has a direct, substantial, and legally protectable interest in the continued existence and lawful operation of the Fund as an approved or soon-to-be-approved claimant. He stands to receive monetary relief and formal redress. Courts routinely recognize that potential beneficiaries of government funds or programs have a sufficient interest for intervention. A ruling granting the relief sought by Plaintiffs—dismantling the Fund entirely—would eliminate Mr. Camp's ability to obtain any relief whatsoever. His claims would be extinguished without any opportunity to be heard.

## LEGAL ARGUMENT

### I. Mr. Camp Is Entitled to Limited Intervention as of Right Under Rule 24(a)(2) or Permissively Under Rule 24(b)

Federal Rule of Civil Procedure 24(a)(2) requires intervention as of right where the movant: (1) makes a timely motion; (2) has an interest relating to the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) that interest is not adequately represented by existing parties.

- **Timeliness**: The Complaint was filed May 20, 2026. This Motion is filed immediately upon granting of the sealing on May 28, 2026. No prejudice will result.

- **Protectable Interest**: Mr. Camp has a direct, substantial, and legally protectable interest in the continued existence and lawful operation of the Fund. As an approved or soon-to-be-approved claimant, he stands to receive monetary relief and formal redress.

- **Impairment**: A ruling granting the relief sought by Plaintiffs—dismantling the Fund entirely—would eliminate Mr. Camp's ability to obtain any relief whatsoever. His claims would be extinguished without any opportunity to be heard. This satisfies the "practical impairment" standard.

- **Inadequate Representation**: Although the governmental defendants will defend the Fund, they cannot adequately represent Mr. Camp's specific individual interests as a living, breathing political asylee and victim of lawfare who relies on the Fund for his very survival. Mr. Camp can offer a unique factual perspective and personal testimony that the institutional defendants lack. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Even if intervention as of right is denied, the Court should grant permissive intervention under Rule 24(b). Mr. Camp's defense shares common questions of law and fact with the main action (the legality and operation of the Fund), and his intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. His unique perspective as an actual claimant will assist the Court in evaluating Plaintiffs' claims.

## II. The Strong Presumption of Public Access Requires Unsealing ECF No. 2

As set forth in the Introduction, the common-law and First Amendment presumptions of public access apply with full force. The six *Hubbard* factors all weigh decisively in favor of unsealing:

1. **The need for public access is overwhelming.** This is a nationally significant political lawsuit filed against the President, the Acting Attorney General, and the Secretary of the Treasury concerning the alleged misuse of $1.776 billion in taxpayer funds. The public interest is the case itself.

2.    **There has been no previous public access** to ECF No. 2 or its exhibit.

3.    **Mr. Camp objects to continued sealing**, as does the public interest in open government. The identity of the objector (a direct beneficiary of the very program Plaintiffs seek to dismantle) underscores the need for transparency.

4.    **Plaintiffs have asserted no cognizable property or privacy interest** that would justify *complete* sealing of an entire motion and exhibit in a case of this public character. This is not a trade-secret dispute, national-security matter, or case involving minors or medical records.

5.    **No prejudice to Plaintiffs** would result from unsealing. Any legitimately sensitive information can be addressed through targeted redactions rather than wholesale secrecy.

6.    **The document was introduced** as part of Plaintiffs' own litigation strategy in a public-interest case they voluntarily filed in this Court. They cannot now complain that the public wishes to see the full record.

Plaintiffs have offered **zero** public justification for sealing. *See In re Application of Nat'l Broadcasting Co.*, 828 F.2d 201, 206 (2d Cir. 1987). No compelling interest has been identified. No particularized findings have been made. No explanation has been offered why redactions would be inadequate.

## III. Plaintiffs' Hypocrisy Is Legally and Factually Dispositive

Plaintiffs' Complaint opens by condemning "the most brazen act of presidential corruption this century" and a "corrupt sham" settlement, while positioning themselves as defenders of democracy and the rule of law. Yet on the same day, they moved to conceal their own evidence and exhibits from the very public whose tax dollars and safety they claim to champion.

This Court should not countenance such gamesmanship. Allowing Plaintiffs to litigate in secret while demanding the dissolution of an alleged secret fund would reward precisely the double standard they decry. *See Doe v. Public Citizen*, 749

F.3d 246, 271 (4th Cir. 2014) ("A party cannot selectively invoke the judicial process and then evade public scrutiny").

## IV. No Compelling Interest Justifies Continued Sealing; Future Secret Filings Must Be Barred

Any legitimate safety concerns (none articulated publicly) can be met with targeted redactions, not wholesale sealing. Plaintiffs are public figures who have testified before Congress and spoken extensively in the media. Continued secret filings would reward precisely the "weaponization" narrative Plaintiffs claim to oppose.

The Court should enter a standing order: **no further sealed documents by Plaintiffs absent extraordinary, on-the-record justification and prior Court approval on the public docket.**

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs cannot demand sunlight on the Executive Branch while hiding their own filings in the very lawsuit they brought "to defend democracy." Mr. Camp, by contrast, has been fully transparent despite the personal stakes—filing a comprehensive public declaration with photographs documenting his decades-long support for Democratic candidates and every detail of his claimed persecution.

**WHEREFORE**, Proposed Intervenor-Defendant Joseph A. Camp respectfully requests that the Court:

1. Grant limited intervention forthwith for the purpose of seeking access to judicial records;

2. **Immediately unseal** ECF No. 2 and all exhibits in full (or require a public redacted version with an unredacted copy for the Court and parties within 24 hours);

3. Enter the requested preclusion order on future seals by Plaintiffs;

4. Grant expedited briefing and hearing if any opposition is filed; and

5. Grant such other and further relief as the Court deems just and proper, including costs if appropriate.

Respectfully submitted,

**/s/ Joseph A. Camp**
Joseph A. Camp
*Pro Se*
CampJosephA@gmail.com
+1 (720) 454-5240
Mailing: 1317 Edgewater Drive #6983, Orlando, FL 32804

**Dated: May 30, 2026**

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL CIVIL RULE 7(m)

I, Joseph A. Camp, Proposed Intervenor-Defendant proceeding *pro se*, hereby certify pursuant to Local Civil Rule 7(m) of the United States District Court for the District of Columbia that, before filing this Motion, I made a good-faith effort to confer with opposing counsel regarding the relief sought herein.

On May 30, 2026, I emailed Plaintiffs' counsel, Brendan Ballou and Samuel T. Ward-Packard of the Public Integrity Project (brendan@publicintegrityproject.org and sam@publicintegrityproject.org), expressly notifying them of my intent to file the instant motion to unseal ECF No. 2 and all exhibits thereto (and to preclude further sealed filings). In that email I highlighted the apparent inconsistency between Plaintiffs' public demands for transparency and accountability in their Complaint and their immediate filing of a sealed document on the very same day the Complaint was docketed. I specifically asked for Plaintiffs' position on the forthcoming motion "pursuant to your own words and agenda" regarding transparency, and referenced my previously filed request that Plaintiffs and their counsel be declared vexatious litigants.

Plaintiffs' lead counsel, Brendan Ballou, responded the same day stating, in full: "*Given the volume of proposed amici and intervenors, we'll hold off conferring until the Court rules on the motions to intervene. Will you please let us know when you receive an order on yours? Thank you.*"

I promptly replied, pointedly to display their bad faith in this litigation, the same day, informing counsel that (1) because they are registered ECF users and counsel of record in this matter, they are automatically notified of all filings and orders, rendering separate notification unnecessary; (2) Plaintiffs are represented by approximately ten (10) pro hac vice and local counsel who can

readily handle meet-and-confer obligations; and (3) I would advise the Court of counsel's response in full, including their deferral of substantive discussion and what I view as a failure to engage in good-faith conferral on a straightforward records-access issue, particularly given the core transparency theme of Plaintiffs' own lawsuit. I also directed counsel's attention to a Law360 article discussing the underlying action.

Plaintiffs' counsel has not provided any substantive position on the merits of the requested unsealing relief, has not offered any justification for continued sealing of ECF No. 2, and has not proposed any resolution or compromise. Their position, as communicated, is procedural deferral pending resolution of intervention motions (including my own, filed May 25, 2026). **Mr. Camp is unsure of the Defendants' position on the relief sought in this Motion, as the Defendants have not yet appeared in this action and therefore have not been served with this Motion.**

I therefore respectfully submit that I have satisfied my obligation under Local Civil Rule 7(m) through this good-faith email exchange with Plaintiffs' counsel, notwithstanding counsel's election not to confer substantively at this time. The positions of Plaintiffs regarding the specific relief requested in this Motion remain unknown.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of May, 2026.

Respectfully submitted,

**/s/ Joseph A. Camp**
Joseph A. Camp
*Pro Se*
CampJosephA@gmail.com
+1 (720) 454-5240
Mailing: 1317 Edgewater Drive #6983, Orlando, FL 32804

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2026, a true and correct copy of the foregoing Motion (together with all attachments) was served via the Court's designated pro se filing email address at **dcd_intake@dcd.uscourts.gov**. Once docketed by the Clerk, the filing will be electronically distributed to all parties of record.

A true and correct copy was also transmitted via email (carbon copy) to counsel for Plaintiffs:

**PUBLIC INTEGRITY PROJECT**
Brendan Ballou D.C.

Bar No. 241592
Samuel T. Ward-Packard
D.C. Bar No. 90005484
brendan@publicintegrityproject.org
sam@publicintegrityproject.org
Attorneys for Plaintiffs Harry Dunn and Daniel Hodges

Defendants have not yet appeared in this action and therefore were not served at this time.

Respectfully submitted,


**/s/ Joseph A. Camp**
Joseph A. Camp
*Pro Se*
CampJosephA@gmail.com
+1 (720) 454-5240
Mailing: 1317 Edgewater Drive #6983, Orlando, FL 32804

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

HARRY    DUNN    and    DANIEL
HODGES,

**Plaintiffs,**

v.

DONALD J. TRUMP, in his official
capacity as President of the United
States,
1600 Pennsylvania Avenue, NW
Washington, DC 20500

TODD    BLANCHE, in his official
capacity as Acting Attorney General of
the United States,
950 Pennsylvania Avenue, NW
Washington, DC 20530

SCOTT    BESSENT, in his official
capacity as Secretary of the United
States Department of the Treasury,
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Defendants.**

Case No. 1:26-cv-01719

## CONSENT TO ELECTRONIC SERVICE OF PROCESS

I, Joseph A. Camp, the Proposed Intervenor-Defendant in the above-captioned civil
action, hereby consent to, approve, and agree to electronic service of all

documents, pleadings, motions, orders, notices, and any other papers related to or filed in this case.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and the Local Rules of the United States District Court for the Eastern District of Virginia, service of all such documents may be effected electronically by transmitting them via electronic mail to the following address:

campjosepha@gmail.com

I further stipulate and agree that electronic service to the above email address shall be deemed valid, complete, and effective service upon me for all purposes under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable law or rule. I expressly waive any requirement or right to service by United States Postal Service, personal delivery, or any other non-electronic means in this matter.

I request that the Court, all Plaintiffs, all Defendants, and their respective counsel serve all future documents in this action electronically upon me at the email address set forth above.

This consent is made to promote the efficient and economical administration of justice and to eliminate the unnecessary use of the United States Postal Service for service of process and other documents in this case.

Respectfully submitted,

/s/Joseph A. Camp

**Joseph A. Camp**

*Pro Se*

Date: May 30, 2026

CampJosephA@gmail.com
+17204545240
Mailing address:
1317 Edgewater Drive #6983
Orlando, Florida 32804