**PROPOSED AMICUS CURIAE BRIEF OF CINDY L. YOUNG
IN SUPPORT OF NEITHER PARTY**

**TABLE OF CONTENTS**

INTRODUCTION ................................................. 3

INTEREST OF AMICUS .......................................... 3

ARGUMENT ...................................................... 4

    I. No January 6 Defendant Was Ever Charged with Insurrection Under 18 U.S.C. § 2383 ............ 4

    II. January 6 Defendants Were Not a Legally Homogeneous Group of 'Attackers' or 'Paramilitaries' ............ 5

    III. Broad Collective Terminology Undermines Due Process and Judicial Integrity ............ 5

CONCLUSION ..................................................... 6

**TABLE OF AUTHORITIES**

18 U.S.C. § 2383

18 U.S.C. § 2384

18 U.S.C. § 1752

40 U.S.C. § 5104

Fed. R. App. P. 29(a)(4)

LCvR 7(o)(5)

**INTRODUCTION**

This case raises important constitutional and statutory questions about executive authority, appropriations, and the creation of the so-called "Anti-Weaponization Fund." Amicus takes no position on the ultimate merits of those claims.

Instead, Amicus files this brief because the Complaint repeatedly deploys sweeping collective labels—"insurrectionists," "rioters," "paramilitary groups," and "the nearly 1,600 people charged with attacking the Capitol on January 6, 2021"—that do not correspond to the actual charges brought, the convictions obtained, or the individualized adjudications in the federal criminal cases. Precision is not pedantry. It is the foundation of due process, equal justice, and constitutional adjudication. When a complaint before this Court paints every January 6 defendant with the same broad brush of "insurrection" and collective violence, it risks substituting political rhetoric for statutory reality. Courts must insist on the truth.

**INTEREST OF AMICUS**

Amicus Cindy L. Young is a January 6 defendant who was prosecuted in this District, convicted of four misdemeanor charges, sentenced, and later received a Presidential pardon. She continues to litigate related matters. As someone directly harmed by the very kind of collective, undifferentiated labeling the Complaint employs, Amicus has a concrete interest in ensuring that this Court's analysis rests on actual charges, actual convictions (or the lack thereof), and actual statutory text—not on rhetorical conflation.

3

**ARGUMENT**

**I.    NO JANUARY 6 DEFENDANT WAS EVER CHARGED WITH INSURRECTION UNDER 18 U.S.C. § 2383**

The Complaint repeatedly brands those involved in the events of January 6 as "insurrectionists." (See, e.g., Complaint ¶¶ 1, 3, 9, 11.) This is not accurate. The federal crime of insurrection is codified at 18 U.S.C. § 2383. Not even one of the approximately 1,575 individuals charged in connection with January 6 were indicted, let alone convicted, under that statute. Prosecutors instead brought a range of other charges: trespassing and disorderly conduct offenses, obstruction-related counts, assault offenses, and—in a small handful of cases involving organized group leaders— seditious conspiracy under 18 U.S.C. § 2384. The distinction is deliberate and legally significant. Section 2383 carries unique consequences (including disqualification from holding office). Federal prosecutors chose not to invoke it. This Court should not treat the Complaint's rhetorical label as a substitute for the actual indictments.

## II. JANUARY 6 DEFENDANTS WERE NOT A LEGALLY HOMOGENEOUS GROUP OF 'ATTACKERS' OR 'PARAMILITARIES'

The Complaint asserts that the Fund "will be used, among other purposes, to pay the nearly 1,600 people charged with attacking the Capitol on January 6, 2021." (Complaint ¶ 9.) This characterization is factually false as to the overwhelming majority. • Only a minority of defendants—approximately 418—were accused of any violent conduct. • Hundreds faced only misdemeanor charges for entering or remaining in a restricted building or grounds (18 U.S.C. § 1752) or disorderly and disruptive conduct (18 U.S.C. § 5104). • Most cases involved no assault on officers, no weapons, and no coordinated conspiracy.

Amicus herself is a concrete example: she was charged with and convicted of four misdemeanors only. She did not assault anyone. She was not part of any "paramilitary" group. She was not charged with any felony. Yet the Complaint's blanket language would sweep her—and thousands like her—into the same category as the most serious offenders.

The United States criminal justice system is built on individualized adjudication. Collective guilt by association has no place in constitutional analysis, especially when the Court is being asked to apply heightened scrutiny to executive action and appropriations.

## II.    BROAD COLLECTIVE TERMINOLOGY UNDERMINES DUE PROCESS AND JUDICIAL INTEGRITY

The Complaint's framing is not harmless stylistic flourish. It invites the Court to accept a monolithic narrative untethered from the actual record of prosecutions.

Courts have a duty to resist that temptation. Allegations are not adjudications. Rhetoric is not law. Generalized public narratives—however emotionally powerful—cannot override the statutory charges actually brought and the individualized findings actually made (or, in the case of pardons, undone). Amicus respectfully submits that this Court's constitutional and statutory analysis will be strengthened, not weakened, by insisting on the same precision that the Department of Justice itself employed when it chose which statutes to charge.

**CONCLUSION**

For the foregoing reasons, Amicus respectfully requests that the Court consider the factual and legal distinctions set forth above when evaluating the claims in this matter.

Respectfully submitted,

/s/ Cindy Lou Young

Cindy Lou Young, *Pro Se*

20 Central Street, Unit 1

Bristol, NH 03222

(603) 630-3195

clyoung@breezeline.net

6